UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL LEE HUDSON,

        Petitioner,

                                    CASE NO. 2:08-CV-11750
v.                                  HONORABLE PAUL D. BORMAN

DEBRA SCUTT,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

I.    Introduction

      This is a habeas case under 28 U.S.C. § 2254. Michael Lee Hudson ("Petitioner") is a state prisoner currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan. He pleaded *no lo contendere* to assault with intent to commit murder and possession of a firearm during the commission of a felony in the Wayne County Circuit Court and was sentenced to consecutive terms of seven to 20 years imprisonment and two years imprisonment in 1991. Following sentencing, Petitioner sought an appeal with the Michigan Court of Appeals which was denied. *See People v. Hudson*, No. 146933 (Mich. Ct. App. March 23, 1993) (unpublished). He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Hudson*, 443 Mich. 859, 505 N.W.2d 584 (1993). Petitioner filed the present *pro se* petition for writ of habeas corpus, dated April 9, 2008, in the

1

United States District Court for the Western District of Michigan.  The case was transferred to this Court on April 25, 2008.  Petitioner raises the following claims in his petition:

> I.    I was brought to Michigan for assault from New York under IAD but they never gave me to trial until there 14 months.
>
> II.   I passed maximum release time but had good time down.  I was illegally take time under Michigan law because legally mentally ill program.

For the reasons set forth, the Court dismisses without prejudice the petition for writ of habeas corpus.  The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

II.   Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts.  Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies.  Petitioner admits that he has not exhausted his two habeas claims in the state courts.  Petitioner has an available state court remedy to challenge his convictions and current confinement which

2

must be exhausted before he seeks federal habeas review. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his claims through the state appellate courts as necessary.

Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review the claims presented, such an action would deny the state courts the deference to which they are entitled. The state courts must first be given a fair opportunity to rule upon each of Petitioner's claims. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

III.     Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus. The Court makes no determination as to the merits or timeliness of Petitioner's claims.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court further **DENIES** Petitioner leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.


    s/Paul D. Borman
    PAUL D. BORMAN
    UNITED STATES DISTRICT JUDGE

Dated: May 19, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 19, 2008.

    s/Denise Goodine
    Case Manager